07-CR-05464-ORD

FILED _____ LODGED
_____ RECEIVED

OCT 29 2007

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, )
          Plaintiff, )  CASE NO. CR 07-5464
        vs. )  FINDINGS AND ORDER ACCEPTING
                                    )  DEFENDANT FOR DEFERRED PROSECUTION,
JOHN O. COOK, )  APPROVING TREATMENT PLAN, AND
                                    )  DIRECTING DEFENDANT TO TAKE
                                    )  TREATMENT AS PRESCRIBED
          Defendant )  (Clerk's Action Required)

THIS MATTER, coming on for hearing this 27 day of August, 2007, upon defendant's Petition for Deferred Prosecution; the defendant appearing in person and by his attorney, Eric B. Maughan of Geoffrey C. Cross, PS, Inc., and the United States of America being represented by the Assistant United States Attorney; the Court, having examined and incorporated into the record Petitioner's Petition and Statement in support of deferred prosecution, the evaluation and treatment report prepared by Department of the Army, Madigan Army Medical Center, and the

1 - Findings/Order Accepting
    Defendant for Deferred Prosecution



LAW OFFICES OF
GEOFFREY C. CROSS, P.S., INC.
252 BROADWAY
TACOMA, WASHINGTON 98402
(253) 272-8998

files and records herein, being fully advised in the premises, does now make and enter the following:

## I. FINDINGS OF FACT

A. On or about the 25th day of April, 2007, Petitioner was charged with the offense/offenses charge in the Information. This offense occurred as a direct result of alcoholism/chemical dependency problems;

B. Petitioner suffers from an alcohol/drug problem and is in need of treatment;

C. The probability of similar misconduct in the future is great if the problem is not treated;

D. Petitioner is amenable to treatment;

E. An effective rehabilitative treatment plan is available to Petitioner through Department of the Army, Madigan Medical Center, an approved treatment facility as designated by the laws of the State of Washington, and Petitioner agrees to be liable for all costs of this treatment program;

F. That Petitioner agrees to comply with the terms and conditions of the program offered by the treatment facility as set forth in the diagnostic evaluation from Department of the Army, Madigan Medical Center, attached to Statement of Petitioner filed herewith, and that Petitioner agrees to be liable for the

2 - Findings/Order Accepting
    Defendant for Deferred Prosecution

costs of this treatment program;

G. That Petitioner has knowingly and voluntarily stipulated to the admissibility and sufficiency of the facts as contained in the written police report attached to Statement of Petitioner filed herewith;

H. That Petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of this Order Granting Deferred Prosecution and that these reports will be used to support a finding of guilty;

From the foregoing FINDINGS OF FACT, the Court draws the following:

## II. CONCLUSIONS OF LAW

A. That the above-entitled Court has jurisdiction over the subject matter and Petitioner, John O. Cook, in this case;

B. That Petitioner's Petition for Deferred Prosecution meets the requirements of RCW 10.05 et seq.;

C. That the diagnostic evaluation and commitment to treatment meets the requirements of RCW 10.05.150;

D. That petitioner is eligible for deferred prosecution.

## III. ORDER

Having made and entered the foregoing FINDINGS OF FACT and

3 - Findings/Order Accepting
   Defendant for Deferred Prosecution

LAW OFFICES OF
GEOFFREY C. CROSS, P.S., INC.
252 BROADWAY
TACOMA, WASHINGTON 98402
(253) 272-8998

CONCLUSIONS OF LAW, it is hereby

ORDERED that the defendant is accepted for deferred prosecution. The prosecution of the above-entitled matter is hereby deferred for five (5) years pursuant to RCW 10.05 et seq., upon the following terms and conditions:

A. Petitioner shall be on probation for the deferral period and follow the rules and regulations of probation;

B. Petitioner shall enroll in and successfully complete the two year treatment program recommended by Madigan Medical Center according to the terms and conditions of that plan as outlined in the diagnostic evaluation, a true copy of which is attached to the Petition and incorporated herein by reference. Petitioner shall not change treatment agencies without prior Probation approval;

C. The treatment facility Madigan Medical Center, shall file with the United States Probation Office status reports of Petitioners's compliance with treatment, monthly during the first year of the deferred prosecution period and every three (3) months during the second year. The Court may increase the frequency of these reports at its discretion;

D. Petitioner shall notify the U.S. Probation within 72 hours of any residence change;

4 - Findings/Order Accepting
    Defendant for Deferred Prosecution

E. Petitioner shall abstain during the deferred prosecution period from any and all consumption of alcoholic beverages and/or non-prescribed mind-altering drugs;

F. Petitioner shall not operate a motor vehicle on the public highways without a valid operator's license and proof of liability insurance sufficient to comply with the state laws on financial responsibility;

G. Petitioner shall be law abiding and shall not commit any alcohol/drug related offenses or other criminal offenses during the period of deferral;

H. Petitioner shall notify U. S. Probation within 72 hours of being arrested, questioned, or cited by Law Enforcement;

I. In the event that petitioner fails or neglects to carry out and fulfill any term or condition of her/his treatment plan or violates any provision of this Order or any rule or regulation of her/his probation officer, upon receiving notice, the Court shall hold a hearing to determine by Petitioner should not be removed from the deferred prosecution and prosecuted for the offense/offenses charged;

J. In the event the Court finds cause to revoke this deferred prosecution, the stipulated police reports shall be admitted into evidence, and Petitioner shall have her/his guilt

5 - Findings/Order Accepting
    Defendant for Deferred Prosecution

or innocence determined by the Court;

K.   That the statement of Petitioner for Deferred Prosecution shall remain sealed, and all subsequent reports or documents relating to her treatment information shall be sealed, to maintain confidentiality of Petitioner's treatment information;

L.   That the Department of Licensing shall be notified of this Order accepting the Petitioner for deferred prosecution;

M.   Upon proof of Petitioner's successful completion of five years deferral period in this Order, the Court shall dismiss the charges pending against Petitioner;

N.   Additional conditions: *Conditions 1 thru 13 in Pre-sentence Report dated/prepared 9-13-07*

DONE IN OPEN COURT this 29 day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

Presented by:
GEOFFREY C. CROSS, PS, INC.
Attorneys for Petitioner/Defendant

_____
by: Eric B. Maughan, WSB #32740

6 - Findings/Order Accepting
    Defendant for Deferred Prosecution

LAW OFFICES OF
GEOFFREY C. CROSS, P.S., INC.
252 BROADWAY
TACOMA, WASHINGTON 98402
(253) 272-8998

1
2  I have received a copy of the foregoing Order of Deferred
3  Prosecution, I have read and understand its contents, and agree
4  to abide by the terms and conditions set forth herein.
5
6  DATED: __8/27/07__                 ___John O. Cook___
7                                        John O. Cook,
                                          Petitioner/Defendant
8
9  I certify that a copy of this signed Order was mailed to the
   subject treatment facility on __9/17/07__. The United
10 States Probation Office was also furnished a copy of this Order.
11
12                                    ___[signature]___
13                                    Clerk, Deputy
14
...
28
7 - Findings/Order Accepting
    Defendant for Deferred Prosecution

(1)   You shall not leave the judicial district without permission of the court or probation officer;

(2)   You shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;

(3)   You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   You shall support your dependents and meet other family responsibilities;

(5)   You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)   You shall notify the probation officer within seventy-two hours of any change in residence or employment;

(7)   You shall abstain from the use of alcohol or other intoxicants, and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; You shall submit to one drug and/or alcohol test within 15 days of placement on probation (or release from imprisonment) and at least two periodic drug and/or alcohol tests thereafter not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

(8)   You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   You shall initiate, maintain, and successfully complete the two-year treatment program recommended by the evaluation report, according to the terms and conditions of that plan and the recommendations of the treating agency;

(10)  You shall permit a probation officer to visit you at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)  You shall not commit any criminal law violation and shall not commit any alcohol related offenses. You will not operate a motor vehicle without a valid operator's license and proof of liability insurance to comply with State law;

(12)  You shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(13)  As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm your compliance with such notification requirement.